WILLIAM CRAFT, PLAINTIFF IN ERROR, VS. THE STATE
OF FLORIDA DEFENDANT IN ERROR.

1. Where a person convicted of a felony and sentenced to a term
of imprisonment in the state prison and to pay the costs of
prosecution, but against whom no fine is adjudged, sues out
a writ of error to review such judgment, and upon proof made
as provided by section 2977, Revised Statutes, the trial court
makes an order that plaintiff in error be relieved from pay-
ment of all costs in the cause, such writ of error operates as a
supersedeas to the execution of the judgment, upon plaintiff
in error remaining in the custody of the sheriff of the
court passing the sentence.

2. Where it is made to appear to the Supreme Court that a per-
son convicted of a felony and sentenced to a term of im-
prisonment in the state prison is undergoing execution of
such sentence, notwithstanding the pendency in said court of a
writ of error to review such judgment, and the performance
of all things necessary to cause said writ of error to operate as a
superseadeas upon such person remaining in the custody of
the sheriff of the court passing the sentence as provided by
section 2977, Revised Statutes, the Supreme Court is author-
ized to require and will require the Commissioner of Agricul-
ture and the contractor for State convicts having such person
in custody to deliver him to the sheriff of the court passing
the sentence, to be held in the custody of such sheriff during
the pendency of the writ of error or until released as provided
by law.

Writ of Error to the Circuit Court for Baker
County.

The facts in the case are stated in the opinion of the
Court.

Leonidas E. Wade and B. D. Hires for Plaintiff in
Error.

The Attorney General, for Defendant in Error.

PER CURIAM:

In April of the present year, plaintiff in error was convicted of perjury in the Circuit Court of Baker county, and sentenced to confinement at hard labor in the State prison for the term of twenty years. From this sentence he sued out this writ of error.

Upon proof presented to the Circuit Court as provided by section 2977 Revised Statutes, that court made an order that plaintiff in error be relieved from the payment of all costs in the cause. The judgment does not impose a money fine, but simply imprisonment in the State prison.

It is made to appear to us that, notwithstanding the order made by the Circuit Judge and the writ of error sued out, plaintiff in error is now undergoing execution of the sentence in the State prison, and that he is now employed at hard labor by one of the lessees of State convicts. We are moved to grant an order directing that he be redelivered to the sheriff of Baker county, to remain in his custody until the present writ of error is disposed of. The Attorney-General consents that we hear the motion at this time .

The motion must be granted. Under the order made by the Circuit Court, the writ of error operates as a supersedeas to the execution of the judgment upon plaintiff in error remaining in the custody of the sheriff of the court passing the sentence. State v. Mitchell, 29 Fla. 302, 10 South. Rep. 746. We shall, therefore, enter an order requiring the Commissioner of Agriculture, and the contractor for State convicts having plaintiff in error in custody, to deliver plaintiff in error to the

custody of the sheriff of Baker county, to be by him held in custody during the pendency of this writ of error, or until released as provided by law.